George W. BRIDGES, Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD, Respondent.

No. 00–3325.

United States Court of Appeals,
Federal Circuit.

April 9, 2001.

Before MICHEL, BRYSON, and LINN, Circuit Judges.

DECISION

PER CURIAM.

George W. Bridges petitions for review of the final decision of the Merit Systems Protection Board in Docket No. AT–3443–99–0446–I–1 dismissing his appeal to the Board for lack of jurisdiction. We *affirm*.

BACKGROUND

Mr. Bridges is employed by the United States Postal Service as an Accounting

Distribution Clerk in Norcross, Georgia. On January 26, 1999, the Postal Service issued a memorandum reposting Mr. Bridges' job assignment. As a result of the reposting, Mr. Bridges was reassigned from a "bid" position to an "unassigned regular" position. That move did not reduce his pay or grade. However, the original position was a permanent position obtained through a seniority-based bid, while the unassigned position was not permanent. The memorandum provided that Mr. Bridges would remain in the unassigned position until he was successful in obtaining a new bid position. On January 28, 1999, Mr. Bridges met with his supervisor and questioned his supervisor's decision to repost his job assignment. That encounter ended with Mr. Bridges being removed from the premises by the county police. Mr. Bridges was subsequently suspended for seven days based on his behavior during that meeting.

On March 30, 1999, Mr. Bridges filed an appeal with the Board. His appeal form identified five specific actions by the Postal Service that he claimed supported Board jurisdiction: "(1) The reposting of [his] position from a regular with a bid to an unassigned regular without a bid; (2) The change in [his] work hours and days, specifically weekends; (3) Falsely accused of unacceptable conduct . . .; (4) Neglect of standard procedure which resulted in forceful and violent abuse by management . . .; and (5)[His] seven days suspension." In response to Mr. Bridges' appeal form, the administrative judge who was assigned to the case issued an order instructing Mr. Bridges to present evidence of the Board's jurisdiction.

Mr. Bridges responded to that order by stating that the Board had jurisdiction based on the Postal Service's actions in (1) failing to restore him to his employment assignment following military service; (2) retaliating against him for participating in protected activity under the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.;* and (3) taking adverse employment actions against him "based in part on [his] involvement with OSHA regarding the unsafe working conditions at the job."

The administrative judge concluded that the jurisdictional grounds pressed by Mr. Bridges involved in part a claim of discrimination based on his military service with the United States Air Force Reserve. Those allegations implicated the Uniform Services Employment and Reemployment Rights Act of 1994 (USERRA), 38 U.S.C. §§ 4301–4333. Mr. Bridges subsequently elected to pursue his USERRA claim with the Department of Labor before seeking Board review of that issue. The administrative judge therefore dismissed Mr. Bridges' USERRA claim without prejudice, and that claim is not before us.

With respect to the remaining jurisdictional grounds asserted by Mr. Bridges, the administrative judge first ruled that a hearing was not necessary because there was no factual dispute regarding jurisdiction. She then concluded that that the Board did not have jurisdiction over Mr. Bridges' suspension because (1) the suspension was not for more than 14 days; (2) no law or regulation gave the Board jurisdiction over alleged false accusations or violations of operating procedures; (3) the allegation of Civil Rights Act violations was not within the Board's statutory jurisdiction; and (4) Mr. Bridges' claim that the agency's actions were in retaliation for his participation in protected Equal Employment Opportunity (EEO) and Occupational Health and Safety Administration (OSHA) activities did not confer jurisdiction on the Board absent an independent appealable action. The administrative judge therefore dismissed the appeal.

Mr. Bridges petitioned for review by the full Board. The full Board denied the

petition and forwarded Mr. Bridges' USERRA claim to the Atlanta Regional Office for docketing as a separate timely filed appeal. This appeal followed.

## DISCUSSION

■ Mr. Bridges first argues that his reassignment establishes Board jurisdiction because it effected a "constructive demotion." Although Mr. Bridges referred to the reassignment in his appeal, he did not assert constructive demotion as a basis for Board jurisdiction in his response to the administrative judge's order regarding jurisdiction. Nor did he argue before the Board that the agency took any action against him that would be appealable under 5 U.S.C. § 7512, which applies only to a removal, a suspension for more than 14 days, a reduction in grade, a reduction in pay, or a furlough of 30 days or less. Instead, he argued that the Board had jurisdiction over his reassignment because it was unlawful for the agency to "fail[ ] to restore Mr. Bridges to employment assignment following military service." For that reason, the constructive demotion argument is not properly before us.

■ Mr. Bridges next argues that the Board has jurisdiction under the Whistleblower Protection Act (WPA). *See* 5 U.S.C. § 2302(b)(8). Again, while Mr. Bridges previously alleged that the agency's actions were in retaliation for his participation in protected activities, he did not argue that he was entitled to relief under the WPA. Moreover, although retaliation for participation in protected activities can constitute a prohibited personnel practice within the meaning of the WPA, the Board does not have jurisdiction to consider such an allegation standing alone. *See Saunders v. Merit Sys. Prot. Bd.*, 757 F.2d 1288, 1290 (Fed.Cir.1985). The Board may review such allegations when jurisdiction is first established by an otherwise appealable action, *see Anderson v. Nat. Aeronau-tics & Space Admin.*, 5 MSPB 476, 5 M.S.P.R. 476, 478 (1981), but as noted, Mr. Bridges failed to identify any such independent appealable action in this case.

■ When an employee wishes to raise a WPA claim before the Board and there is no independent right to appeal an adverse personnel action directly to the Board, the employee must first seek corrective action from the Office of Special Counsel before bringing the claim before the Board. *See* 5 U.S.C. § 1214(a)(3); *Mintzmyer v. Dep't of the Interior*, 84 F.3d 419, 422 (Fed.Cir.1996); *Knollenberg v. Merit Sys. Prot. Bd.*, 953 F.2d 623, 625–26 (Fed.Cir.1992). Mr. Bridges admits that he has not exhausted his remedies before the Office of Special Counsel. Accordingly, to the extent that his claim is construed as a claim under the WPA, the Board properly held that it lacked jurisdiction over the claim.

■ Finally, Mr. Bridges argues that he should have been granted a hearing to present evidence establishing Board jurisdiction. There is, however, no right to a hearing before the Board on jurisdiction unless there is some factual dispute regarding the jurisdictional issue that could be resolved in such a hearing. *See Manning v. Merit Sys. Prot. Bd.*, 742 F.2d 1424, 1428 (Fed.Cir.1984). Because Mr. Bridges' response to the administrative judge's order regarding jurisdiction did not raise any factual issue bearing on jurisdiction in this case, the Board properly declined to hold a jurisdictional hearing.