Kenneth E. KNOLLENBERG, Petitioner,

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 91–3226.

United States Court of Appeals, Federal Circuit.

Jan. 14, 1992.

Kenneth E. Knollenberg, pro se.

Rita Arendal, Merit Systems Protection Bd., Washington, D.C., submitted for respondent. With her on the brief were Mary L. Jennings, Acting Gen. Counsel and Sara B. Rearden, Acting Asst. Gen. Counsel.

Before NEWMAN, MAYER and MICHEL, Circuit Judges.

MAYER, Circuit Judge.

## OPINION

Kenneth E. Knollenberg seeks review of the final decision of the Merit Systems Protection Board, Docket No. SF122190W0176 (February 1, 1991), dismissing his appeal for lack of jurisdiction. 47 M.S.P.R. 92. We affirm.

## BACKGROUND

In July of 1983, Knollenberg was reassigned from his supervisory engineering position to a program manager position by officials at the Long Beach Naval Shipyard. After many administrative grievances contesting the reassignment, he filed a complaint with the Office of Special Counsel, *see* 5 U.S.C. § 1211 (Supp.1990), alleging that his reassignment was in reprisal for disclosure of mismanagement at the shipyard, a prohibited personnel practice. *See id.* § 2302(b)(8). On October 14, 1988, the Office of Special Counsel advised Knollenberg that it had completed its investigation and had officially closed out the complaint because there was insufficient evidence to support the allegation of reprisal.

On August 6, 1989, Knollenberg again wrote the Office of Special Counsel requesting further investigation of the reassignment. He also requested an investigation of what he said was unauthorized preferential treatment and preselection of another employee for a shipyard position announced to be filled under merit staffing. Knollenberg did not allege that he was not selected for the position or that this newly alleged impropriety was reprisal for whistleblowing activities. The Office of Special Counsel treated this as a request to reopen the original complaint and denied it because he presented no "new information or evidence that would justify a reopening of this closed matter."

In December 1989, Knollenberg sought corrective action in the form of an individual right of action filed with the board. *See id.* § 1221(a). The board advised him that the appeal was not within its appellate jurisdiction because it appeared that he was seeking correction of a personnel action which occurred before July 9, 1989, the effective date of the Whistleblower Protection Act. *See id.* § 1221 note; 5 C.F.R. § 1201.191(b)(2) (1991). Knollenberg responded that the board had jurisdiction because his August 1989 nonselection for the shipyard position was more reprisal for his earlier whistleblowing activities. The board dismissed on the ground that he had not presented the alleged retaliatory nonselection to the Office of Special Counsel.

## DISCUSSION

The Whistleblower Protection Act of 1989, Pub.L. No. 101–12, 103 Stat. 16 (1989), was created to improve protection from reprisal for federal employees who disclose, or "blow the whistle" on, government mismanagement, wrongdoing, or fraud. S.Rep. No. 413, 100th Cong., 2d Sess. 1 (1988); 5 U.S.C. § 1201 note (Supp. 1990). Congress thought such improved protection desirable because whistleblowers serve the public interest by assisting in the elimination of fraud, waste, abuse, corruption, and unnecessary government expenditures. 5 U.S.C. § 1201 note (Supp.1990).

One way the act expands this protection is through the newly created individual right of action set out at 5 U.S.C. § 1221(a):

**Individual right of action in certain reprisal cases**

Subject to the provisions of subsection (b) of this section and subsection 1214(a)(3), an employee, former employee, or applicant for employment may, with respect to any personnel action taken, or proposed to be taken, against such employee, former employee, or applicant for employment, as a result of a prohibited personnel practice described in section 2302(b)(8), seek corrective action from the Merit Systems Protection Board.

This permits aggrieved persons to petition the board for correction of any actual or proposed personnel action resulting from retaliation for bona fide whistleblowing reports. For example, such prohibited personnel practices might include retaliatory action against an employee because he disclosed information which he reasonably believed evidenced a violation of law, gross mismanagement, a gross waste of funds, abuse of authority, or public endangerment, unless disclosure is otherwise prohibited. *See id.* § 2302(b)(8)(A). Until this individual right of action was added, direct review by the board was statutorily limited to cases involving significant personnel actions like discharge or demotion. *See* 5 U.S.C. § 4303(e) (1988). Lesser personnel actions, such as transfer or nonselection, were not reviewable. *See Manning v. Merit Sys. Protection Bd.*, 742 F.2d 1424, 1427 (Fed.Cir.1984).

The individual right of action is subject to significant statutory limitations, however. First, it is available only when the subject personnel action was taken subsequent to the effective date of the Whistleblower Protection Act on July 9, 1989. *See* 5 U.S.C. § 1221 note (Supp.1990); 5 C.F.R. § 1201.191(b)(2) (1991). More importantly, the individual right of action is subject to an express exhaustion requirement.

Except in a case in which an employee, former employee, or applicant for employment has the right to appeal directly to the Merit Systems Protection Board under any law, rule, or regulation, any such employee, former employee, or applicant shall seek corrective action from the Special Counsel before seeking corrective action from the Board. An employee, former employee, or applicant for employment may seek corrective action from the Board under section 1221, if such employee, former employee, or applicant seeks corrective action for a prohibited personnel practice described in section 2302(b)(8) from the Special Counsel.... [5 U.S.C. § 1214(a)(3) (Supp. 1990).]

In other words, except where there exists an independent right to directly appeal an

adverse personnel action to the board, one must first seek corrective action from the Office of Special Counsel. *See also id.* § 1221(b). Only if the Office of Special Counsel terminates its investigation without action or does not commit to pursuing corrective action within 120 days, may one appeal to the board under section 1221(a). *See id.* § 1214(a)(3)(A), (B); 5 C.F.R. § 1209.5(a) (1991).

■ In our case, Knollenberg has no right to appeal his transfer to the board. Nor can he demonstrate facts sufficient to satisfy the requirements of section 1221(a). The transfer occurred in July of 1983, six years prior to the effective date of the act.

■ Knollenberg's contention that his nonselection for the advertised position suffices to resurrect the board's jurisdiction also fails. Substantial evidence supports the board's finding that he did not first seek corrective action from the Office of Special Counsel before filing the individual right of action appeal with the board. Knollenberg did allege unauthorized preferential treatment and preselection for the announced position in his August 6, 1989 letter, but he did not tie this in with retaliation for his whistleblowing activities, and the Special Counsel did not review and investigate it on that basis. In short, he did not give the Office of Special Counsel sufficient basis to pursue an investigation which might have led to corrective action.

### CONCLUSION

Accordingly, the order of the Merit Systems Protection Board is affirmed.

AFFIRMED.