972 F.2d 1353
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Robert E. MONTGOMERY, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 92-3173.
 United States Court of Appeals, Federal Circuit.
 June 5, 1992.
 
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Robert E. Montgomery appeals from the final decision of the Merit Systems Protection Board (MSPB or Board), which dismissed his petition for review for lack of jurisdiction. We affirm.
 
 DISCUSSION
 
 2
 On March 25, 1991, petitioner received an excepted service appointment under the Veterans Readjustment Act (VRA) to the position of Military Personnel Clerk with the Department of the Navy. His appointment was subject to completion of a one-year probationary period. On May 10, 1991, petitioner was discharged for unsatisfactory conduct.
 
 
 3
 Petitioner appealed his removal to the MSPB, maintaining that he was discriminated against on the basis of his religion and handicapping condition. He further alleged that he was terminated for a pre-appointment mental illness and failed to receive the requisite notice and opportunity to respond to the removal decision. In addition, petitioner argued that he was discharged for whistleblowing activity in contravention of the Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8) (1988).
 
 
 4
 It is well settled that the jurisdiction of the Board is limited to those actions specifically made appealable to it by statute or regulation. Roche v. United States Postal Serv., 828 F.2d 1555, 1557 (Fed.Cir.1987). Excepted service employees who, like petitioner, have been removed before completing one year of continuous service have no right of statutory appeal under the Civil Service Reform Act. 5 U.S.C. § 7511(a)(1) (1988). Further, the undisputed record evidence reveals that the agency removed petitioner for reasons that arose after his appointment. As such, the agency was not required to follow the notice and opportunity to respond procedures reserved for those terminations for preappointment reasons. See 5 C.F.R. § 315.805 (1991).
 
 
 5
 Since petitioner was removed during his probationary period for post-appointment conduct, he could appeal to the Board only if he believed his removal was attributable to marital status or partisan political reasons. 5 C.F.R. § 315.806(b) (1991). Petitioner had neither alleged nor proven before the Board that his removal was so based. Nor can petitioner's claims of discrimination on grounds of religion and handicap provide the Board with an independent basis of jurisdiction over his removal. See Synan v. Merit Systems Protection Board, 765 F.2d 1099, 1101 (Fed.Cir.1989). Last, petitioner was required to exhaust his administrative remedies before presenting any Whistleblower claim to the Board. 5 C.F.R. §§ 1209.1 and 1209.2 (1991). Petitioner provided no evidence indicating that he first sought corrective action with the Office of Special Counsel on his claim. Consequently, the Whistleblower Protection Act did not provide the Board with jurisdiction over his appeal. Knollenberg v. Merit Systems Protection Board, 953 F.2d 623, 625 (Fed.Cir.1992).
 
 
 6
 Petitioner has not met his burden of proving that the Board had jurisdiction over his appeal. 5 C.F.R. § 1201.56(a)(2) (1991). We therefore conclude that the decision of the MSPB to dismiss the appeal was not arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or otherwise not in accordance with law. See 5 U.S.C. § 7703(c) (1988). Accordingly, the decision of the Board must be sustained by this court. True v. Office of Personnel Management, 926 F.2d 1151, 1153 (Fed.Cir.1991).