983 F.2d 1087
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Edmund J. WIATR, Jr., Petitioner,
v.
DEPARTMENT OF the AIR FORCE, Respondent.
 No. 92-3398.
 United States Court of Appeals, Federal Circuit.
 Nov. 17, 1992.
 
 Before PAULINE NEWMAN, PLAGER and LOURIE, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Petitioner Edmund J. Wiatr, Jr. (Wiatr) seeks judicial review of the November 25, 1991 decision of the Administrative Judge (AJ), Docket No. NY0752910479-I-1, dismissing Wiatr's appeal for lack of jurisdiction. Upon denial of review on April 10, 1992, that decision became the final decision of the Merit Systems Protection Board (MSPB or Board). 5 C.F.R. § 1201.113(b). At issue was Wiatr's reduction in grade, which followed Wiatr's recall from a temporary overseas promotion. Wiatr alleged that Respondent (Air Force) took these personnel actions in reprisal for Wiatr's whistleblowing activities. Wiatr sought corrective action under the Individual Right of Action (IRA) provision of the Whistleblower Protection Act (WPA), 5 U.S.C. § 1221 (Supp.II 1990). The AJ held that Wiatr's submissions failed to establish a "constructive demotion" otherwise appealable to the MSPB, 5 U.S.C. § 1221(b) and 5 C.F.R. § 1209.2(b)(2), and consequently concluded that jurisdiction over the corrective action claim existed only if Wiatr had first exhausted his administrative remedy with the Office of Special Counsel (OSC). 5 U.S.C. §§ 1214(a)(3), 1221(a) (Supp.II 1990); 5 C.F.R. § 1209.2(b)(1).[1] Since Wiatr had not done so, the AJ dismissed the appeal for lack of jurisdiction. We affirm.
 
 DISCUSSION
 
 2
 Wiatr's jurisdictional statement alleges that he was assigned to Ramstein AB in the Federal Republic of Germany in 1985 to serve a three-year tour of duty as a Supervisory Operating Accountant, GS-510-12.[2] This assignment was in effect a temporary promotion for Wiatr, since he left a GS-510-11 position at Griffiss AFB, New York. The terms of this assignment were formalized in a "Foreign Overseas Employment Agreement"; significantly, the agreement granted Wiatr "return rights" to his former position, at the GS-11 level. The assignment was clearly temporary in nature, although the terms provided for extensions "subject to both [Wiatr's] approval and that of management."
 
 
 3
 It is undisputed that Wiatr engaged in whistleblowing while in his overseas position. In 1986, Wiatr contacted Congresswoman Schroeder with allegations of waste and mismanagement at Ramstein AB. Such disclosures are within the purview of the WPA, and employers are prohibited from taking personnel actions because of such disclosures. 5 U.S.C. § 2302(b)(8) (Supp.II 1990).
 
 
 4
 Subsequent to Wiatr's whistleblowing, he sought to extend his overseas assignment. When his original three-year tour of duty ended in January 1988, he requested and received a six-month extension. But in June 1988, when Wiatr sought an extension to January 1990, his request was denied. Wiatr returned to the United States. The Department of Defense Inspector General investigated this denial and concluded that it was in reprisal for his earlier whistleblowing. In redress, the Air Force retroactively "promoted" Wiatr to a GS-12 level through January 1990. Wiatr was returned to a GS-11 level in February 1990. Thus, Wiatr's position was as though he had completed a full five-year period overseas--the Foreign Overseas Employment Agreement limited foreign area service to five years if, at the end of that period, the employee was still serving in a position subject to the DOD rotation program. That Agreement also clearly indicated that Wiatr would return to a GS-510-11 position.
 
 
 5
 The WPA created the IRA to provide corrective action for personnel actions taken in reprisal for whistleblowing. There are two categories of personnel actions; those directly appealable to the MSPB absent the IRA provision, 5 U.S.C. § 1221(b), and those with no independent right of direct appeal. The latter type of personnel action is subject to a strict exhaustion of remedies requirement; an aggrieved employee must seek corrective action with the OSC prior to filing an IRA claim. 5 U.S.C. §§ 1214(a)(3) and 1221(a); Knollenberg v. Merit Systems Protection Bd., 953 F.2d 623, 625-6 (Fed.Cir.1992). Thus, if Wiatr's February 1990 reduction in grade was directly appealable to the MSPB, then Wiatr was free to proceed without first bringing his complaint to the OSC. 5 U.S.C. § 1221(b). Wiatr seeks to bring his case within this category of cases through two arguments; first, that the promotion to the GS-510-12 level was not temporary in nature, contrary to the findings of the AJ, and second, that his reduction in grade was a "constructive demotion," which is an adverse action directly appealable to the MSPB.
 
 
 6
 As for Wiatr's first argument, Wiatr asserts that the AJ has erred in characterizing the promotion as temporary, and that in fact the promotion was "permanent." If that were so, then Wiatr's February 1990 reduction in rank would clearly be an adverse action directly appealable to the MSPB. Wiatr cites to Exhibit 6 of his Petition for Review before the full Board as support for the "permanent" nature of his promotion. We have examined this document with some care, but find that it does not indicate that the promotion was permanent. Further, we note that such interpretation of the document would be in direct contravention of the clear terms of the Foreign Overseas Employment Agreement.
 
 
 7
 As for Wiatr's second argument, Wiatr argues that his return to the GS-510-11 level constitutes a "constructive demotion," notwithstanding clear indication from the Foreign Overseas Employment Agreement that the promotion to GS-510-12 was temporary in nature. The AJ cited several Board opinions in which analogous reductions in grade pursuant to employment agreements were held to be unappealable. The AJ then concluded that Wiatr's proffered evidence did not show a constructive demotion.
 
 
 8
 Substantial evidence supports the AJ's view that the facts of record were insufficient to constitute a "constructive demotion;" the February 1990 return of Wiatr to the GS-11 level merely gave effect to the intent of the Foreign Overseas Employment Agreement that the promotion be temporary.
 
 
 9
 At the time of filing the MSPB complaint, Wiatr had not sought corrective action from the OSC. Therefore, the Board did not have jurisdiction under 5 U.S.C. § 1221.
 
 
 10
 In a motion dated October 20, 1992, Wiatr informed this court that he had now exhausted his OSC remedy and requested that we remand the appeal to the Board for adjudication on the merits. However, jurisdiction of the Board is determined upon the date of filing, and later events cannot cure a jurisdictional defect. Accordingly, petitioner's motion to remand is denied.
 
 
 11
 The legal standard by which the Federal Circuit reviews decisions of the MSPB is that the decision must be affirmed unless it is found to be:
 
 
 12
 1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 13
 2) obtained without procedures required by law, rule or regulation having been followed; or
 
 
 14
 3) unsupported by substantial evidence.
 
 
 15
 See 5 U.S.C. § 7703. In accordance with this circumscribed standard of review, we affirm the Board's dismissal for lack of jurisdiction.
 
 
 16
 No costs.
 
 
 
 [1]
 Wiatr seemingly argues that 5 U.S.C. § 5596, entitled "Back pay due to unjustified personnel action," provides a second, independent jurisdictional ground. However, we have held that "[t]he Back Pay Act is merely derivative in application; it is not itself a jurisdictional statute." United States v. Connolly, 716 F.2d 882, 887 (Fed.Cir.1983), cert. denied 465 U.S. 1065 (1984)
 
 
 [2]
 The AJ opinion characterizes Wiatr's overseas transfer as a "five year temporary overseas promotion and assignment" (emphasis added). Although the Foreign Overseas Employment Agreement governing Wiatr's assignment refers to a five year limit on foreign area service, it does not indicate that the original assignment was to be for the full five-year period