996 F.2d 1236
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Mavourneene J. POOLE, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 93-3069.
 United States Court of Appeals, Federal Circuit.
 May 11, 1993.
 
 Before RICH, Circuit Judge, SMITH, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 PER CURIAM.
 
 
 1
 Mavourneene J. Poole petitions for review of the decision of the Merit Systems Protection Board (MSPB or Board), Docket No. SL1221920327W1, dismissing her appeal from her nonselection as Army Supervisory Military Personnel Clerk for lack of jurisdiction. We affirm.
 
 
 2
 On April 8, 1992 via a Position Vacancy Announcement (PVA), the United States Army Reserve Personnel Center, Civilian Personnel Office, St. Louis, Missouri, announced that the position of Supervisory Military Personnel Clerk, GS-204-8 was vacant. Ms. Poole applied for the position within the appropriate time period in response to the PVA. On May 30, 1992, the Army advised her that the PVA had not been necessary because the vacancy had been filled through the Priority Placement Program.
 
 
 3
 Ms. Poole appealed her nonselection to the MSPB on June 7, 1992, alleging a violation of the Whistleblower Protection Act of 1989, Pub.L. No. 101-12, 1989 U.S.C.C.A.N. (103 Stat.) 16 (WPA), and both race and sex discrimination. In an acknowledgement order dated June 9, 1992, the Administrative Judge (AJ) informed Ms. Poole of several anticipated jurisdictional issues regarding her appeal and provided her with an opportunity to respond with evidence and argument to demonstrate that her appeal was properly before the Board.
 
 
 4
 After reviewing her response, the AJ issued an initial decision on July 13, 1992, dismissing the appeal for lack of jurisdiction. The AJ held that Ms. Poole had failed to demonstrate either that she had complied with the requirements of the WPA by first filing a complaint with the Office of Special Counsel (OSC), 5 U.S.C. § 1214(a)(3) (Supp.1991), or that her cause of action was an "otherwise appealable action" which could be appealed directly to the Board under any law, rule, or regulation. 5 U.S.C. §§ 1214(a)(3), 7701(a) (1988 & Supp.1991). The AJ also ruled that the discrimination allegations alone were insufficient to provide the Board with independent appellate jurisdiction over the action. 5 U.S.C. § 7702(a) (1988).
 
 
 5
 The full Board denied review on October 28, 1992, thus rendering the Board's initial decision final and appealable. 5 C.F.R. § 1201.113(b) (1992). Ms. Poole timely appealed to this court.
 
 
 6
 We review the Board's decision under a narrow standard and must affirm unless the decision is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988).
 
 
 7
 An employee has two distinct avenues of access to the Board: (i) a "right to appeal directly to the [Board] under any law, rule, or regulation" as a result of a transgression by the agency. 5 U.S.C. § 1214(a)(3); and (ii) under circumstances in which the action is not otherwise directly appealable, seeking corrective action from OSC under the WPA to address an alleged prohibited personnel practice taken as a result of the employee's whistleblowing, 5 U.S.C. § 2302(b)(8) (Supp.1991), followed by filing a timely Individual Right of Action (IRA) with the Board based on the same allegations. 5 U.S.C. § 1221(a) (Supp.1991).
 
 
 8
 We are unaware of any existing law, rule, or regulation that would render nonselection for a vacant position directly appealable to the Board, without first having sought corrective action from OSC. See 5 C.F.R. § 1201.3 (1992); Diamond v. United States Postal Serv., 51 M.S.P.R. 448, 450 (1991), aff'd, 972 F.2d 1353 (Fed.Cir.1992) (table). Further, the record is devoid of evidence indicating any prior corrective action sought by the petitioner from OSC. Failure of the OSC exhaustion requirement is fatal to the Board's jurisdiction over the appeal. Knollenberg v. Merit Sys. Protection Bd., 953 F.2d 623, 625-26 (Fed.Cir.1992); Lozada v. Equal Employment Opportunity Comm'n, 45 M.S.P.R. 310, 312-13 (1990).
 
 
 9
 Moreover, Ms. Poole does not allege any disclosure of information that would warrant protection under the WPA. An employee must be able to qualify as a whistleblower and tie the agency action to the whistleblowing activities before she may envelop herself in the WPA's protective cloak. See Knollenberg, 953 F.2d at 626.
 
 
 10
 Finally, the Board has no jurisdiction over Ms. Poole's claims of race and sex discrimination unless she first is able to demonstrate the existence of an appealable action, independent of the discrimination allegations, over which the Board would have jurisdiction. 5 U.S.C. § 7702(a). This she failed to do.
 
 
 11
 We thus find nothing in the record before this court that satisfies our narrow standard of review. Accordingly, the decision of the MSPB is affirmed.