**Michele EGAN–BYRON, Petitioner,**

v.

**DEPARTMENT OF HEALTH AND HUMAN SERVICES,**
**Respondent.**

**No. 00–3335.**

United States Court of Appeals,
Federal Circuit.

Nov. 9, 2001.

Before RADER, SCHALL, and BRYSON, Circuit Judges.

DECISION

PER CURIAM.

Petitioner Michele Egan–Byron seeks review of the March 31, 2000, decision of the Merit Systems Protection Board, No.

CH–315H–00–0202–I–1, which dismissed her appeal for lack of jurisdiction. We *affirm.*

## BACKGROUND

On June 20, 1999, the Department of Health and Human Services ("the agency") hired Ms. Egan–Byron as a Supervisory Public Health Advisor in the Chicago office of the Centers for Disease Control ("CDC"). Ms. Egan–Byron's assignment was to assist the city's health coordinator in monitoring municipal health centers participating in a hepatitis testing program. The appointment was subject to the successful completion of a one-year probationary period.

On November 16, 1999, after learning that she was about to be terminated, Ms. Egan–Byron faxed a letter of resignation to her supervisor. She explained that she had been having health problems and that her departure was in the best interest of both herself and her family. She did not mention any conflict with her supervisors.

On the same day that Ms. Egan–Byron resigned, the agency mailed her a letter stating that she was being terminated effective November 19, 1999, for "failure to demonstrate fitness for continued Federal employment." The letter went on to allege that Ms. Egan–Byron's unauthorized use of an influenza vaccine belonging to the Chicago Department of Public Health had violated explicit rules governing interactions between federal and city employees. The letter further stated that Ms. Egan–Byron had amassed over $10,000 of charges on her government-sponsored credit card, much of which was for personal expenses. Because Ms. Egan–Byron's resignation went into effect before the November 19, 1999, termination date set forth in the agency's removal notice, her separation was treated as a resignation rather than a removal.

Ms. Egan–Byron appealed to the Merit Systems Protection Board on December 15, 1999, alleging that her resignation constituted a constructive discharge, and that her discharge was attributable to whistleblowing. Ms. Egan–Byron claimed she had discovered a violation of a CDC policy that required health centers to notify individuals who test positive for hepatitis within three days of obtaining the results of their tests. Ms. Egan–Byron maintained that she had learned that 15 women who had tested positive for hepatitis B six to nine months earlier had not been notified of their condition. According to Ms. Egan–Byron, when she sought to locate and notify those women, she met with resistance from her supervisors. She further claimed that thereafter she was "labeled as a 'loose cannon'" and that the environment for her at work was "very hostile." Ms. Egan–Byron asserted that those actions constituted a constructive discharge.

The administrative judge dismissed Ms. Egan–Byron's appeal for lack of jurisdiction. The administrative judge found that Ms. Egan–Byron's resignation was voluntary and thus not appealable to the Board, and that even if she were able to show that her resignation was involuntary, the Board would still lack jurisdiction because an employee in a probationary period of employment may appeal only under a limited set of circumstances not applicable in Ms. Egan–Byron's case. The administrative judge also found that the Board lacked jurisdiction under the Whistleblower Protection Act ("WPA") because Ms. Egan–Byron had not first exhausted her remedies with the Office of Special Counsel.

The full Board denied Ms. Egan–Byron's petition for review, and this appeal followed.

## DISCUSSION

■ On appeal, Ms. Egan–Byron challenges the Board's ruling that it did not have jurisdiction under the WPA. The Board has jurisdiction over an appeal brought pursuant to the WPA when the petitioner shows a protected disclosure and either an actual or threatened prohibited personnel action. 5 U.S.C. §§ 1221(a), 2302(b)(8). Ms. Egan–Byron claims that her attempt to speak out regarding the alleged deviation from CDC policy constituted a protected disclosure, and that the threats of termination and the hostility in her workplace constituted a prohibited personnel action.

■ Ms. Egan–Byron fails, however, to address an additional statutory requirement for jurisdiction. In whistleblower cases, an individual must first seek corrective action from the Office of Special Counsel and exhaust the remedies available in that forum before appealing to the Board. 5 U.S.C. § 1214(a)(3). The individual must "give the Office of Special Counsel sufficient basis to pursue an investigation which might ... [lead] to corrective action." *Knollenberg v. Merit Sys. Prot. Bd.*, 953 F.2d 623, 626 (Fed.Cir.1992). Ms. Egan–Byron did not even file a claim with the Office of Special Counsel, much less provide a sufficient basis to pursue an investigation. Hence, the Board correctly concluded that she had failed to meet this statutory requirement for jurisdiction.

If an individual has not exhausted the remedial process within the Office of Special Counsel, a whistleblower action is directly appealable to the Board only when some law, rule, or regulation other than the WPA specifically provides for a right of appeal. 5 U.S.C. §§ 1214(a)(3), 1221(b). Ms. Egan–Byron does not contend that some other law, rule, or regulation affords her such a right. Accordingly, because Ms. Egan–Byron did not exhaust her remedies in the Office of Special Counsel and because she has no other basis for a direct appeal, the Board properly found that it lacked jurisdiction.