NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3073

RUTH M. LOPEZ,

Petitioner,

v.

DEPARTMENT OF THE INTERIOR,

Respondent.

_____

DECIDED: November 9, 2004

_____

Before MAYER, Chief Judge, LOURIE and DYK, Circuit Judges.

PER CURIAM.

Ruth Lopez ("Lopez") appeals the decision of the Merit Systems Protection Board, which: (1) dismissed her claim of retaliatory termination in 1986 for lack of jurisdiction; and (2) held that the Department of the Interior ("agency") proved by clear and convincing evidence that it would not have hired Lopez in 1997 or 1999 irrespective of the protected disclosures she made during the 1980s. Lopez v. Dep't of the Interior, SF-1221-01-0529-W-2 (MSPB Sept. 5, 2002).[1] We affirm.

_____

[1] This decision became final when the full board denied Lopez's petition for review. Lopez v. Dep't of the Interior, SF-1221-01-0529-W-2 (MSPB Sept. 17, 2003).

Lopez claims that on May 16, 1986, the agency fired her one week before the expiration of her term as an archeologist in retaliation for several letters she had written regarding the construction of the new Bureau of Land Management building in Needles, California. The board held that it lacked jurisdiction over this claim because the retaliatory action was taken before the effective date of the Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302(b)(8) (2000). In response, Lopez contends that she was unaware that she had been terminated given that her appointment was slated to expire on May 23, 1986. She maintains that between 1986 and the time discovery was conducted in this case she believed her employment had simply expired. As a result, she argues that her allegation of retaliatory termination was not "pending" before the effective date of the WPA, 5 C.F.R. § 1201.191(b)(2), but rather that her claim came into existence after the effective date of the WPA (i.e., when she learned that she had been terminated).

Our case law holds that a challenged personnel action must have been taken subsequent to the effective date of the WPA in order to invoke the jurisdiction of the board. Bosley v. Merit Sys. Prot. Bd., 162 F.3d 665, 667 (Fed. Cir. 1998) ("The WPA, however, applies only to acts of reprisal that occurred after the statute became effective on July 9, 1989."); Knollenberg v. Merit Sys. Prot. Bd., 953 F.2d 623, 625 (Fed. Cir. 1992) (holding that an individual right of action under the WPA is "available only when the subject personnel action was taken subsequent to the effective date of the [WPA]"). In Eidmann v. Merit Systems Protection Board, we held that there was jurisdiction pursuant to the WPA because the agency had not filed its complaint and given notice of that action to the employee until after July 9, 1989. 976 F.2d 1400, 1404 (Fed. Cir. 1992).

Here, while Lopez might not have fully understood the nature of the agency action, there is no question that it took place prior to the enactment of the WPA.

With respect to Lopez's allegations that the agency did not rehire her in 1997 and 1999 on account of her protected disclosures, the board held that the agency proved by clear and convincing evidence that it would have made the same personnel decisions irrespective of Lopez's disclosures.  This factual finding is supported by substantial evidence and, therefore, we affirm it as well.  5 U.S.C. § 7703 (2000).