NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

2006-3212

DANIEL L. EDWARDS Jr.,

Petitioner,

v.

DEPARTMENT OF THE AIR FORCE,

Respondent.

_____

DECIDED:  October 6, 2006

_____

Before MAYER, <u>Circuit Judge</u>, FRIEDMAN, <u>Senior Circuit Judge</u>, and GAJARSA, <u>Circuit Judge</u>.

PER CURIAM.

The petitioner, Daniel L. Edwards Jr., challenges the Merit Systems Protection Board (the "Board")'s denial of various claims arising out of his civilian employment with the Air Force.  The claims go back to 1962 and the latest refers to events in 2004.  We affirm the Board's decision.

I

Edwards was a civilian employee of the Air Force for three different periods.  He was removed in 1962 during his first employment, and again in 1972

from employment that began the year before.  In 1977 he resigned from a position he had begun three months earlier.

In 2005 he sought corrective action from the Board.  He did not request a hearing.  In her initial decision, which became final when the Board denied review, the Board's administrative judge denied him relief.  The administrative judge held that Edwards had failed to state factual and legal bases for his various claims.

## II

Edwards asserts violation of the Whistleblower Protection Act ("Whistleblower Act"), Pub.L. No. 101-12, 103 Stat. 16 (1989) (codified in scattered sections of 5 U.S.C.), based on events that allegedly occurred between 1962 and 2004.  That statute was enacted in 1989, and does not cover claims arising before that date.  See, Knollenberg v. Merit Systems Protection Board, 953 F.2d 623, 626 (Fed. Cir. 1992); see also, Caddell v. Dep't of Justice, 96 F.3d 1367, 1371 (Fed. Cir. 1996).  With respect to his claims that arose after that date, the Act required him to show that he made a "protective disclosure." 5 U.S.C. § 2302(b)(8).  He did not do so, and therefore did not present a valid claim under the Whistleblower Act.  The Board properly rejected that claim.

Edwards also alleges violations of the Veterans Employment Opportunities Act of 1998 ("Opportunities Act"), 5 USC § 3330a, et seq., as the administrative judge stated, "by failing to restore him following military service in 1943, failing to select him for unspecified positions over many years, failing to

select him for a laundry position in December 2004, and denying him access to the commissary at Wright-Patterson Air Force Base." Initial Dec. 3.

That statute was enacted in 1998 and, as in the case of his claims under the Whistleblower Act, does not cover claims arising before its enactment. <u>See</u>, <u>Lapuh v. Merit Systems Protection Board</u>, 284 F.3d 1277, 1282 (Fed. Cir. 2002). The Board correctly rejected his claims under that Act that arose after its enactment because, as the Board found, Edwards failed to present any evidence to support them.

Finally, Edwards contends that the Air Force violated the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301-4333. That Act protects veterans from being discriminated against in the job market because of their military service. A claimant under that Act must show that he was denied an employment benefit and that his military service was a substantial or motivating factor in the denial. <u>See</u>, 38 U.S.C. § 4311(c)(1) ("An employer shall be considered to have engaged in actions prohibited . . . if the [employee's military service] is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of [the employee's military service].").

To prove a claim of discrimination under that Act, the veteran must show that his military service was a "substantial or motivating factor" in an employment action. <u>Sheehan v. Dep't of Navy</u>, 240 F.3d 1009, 1013 (Fed. Cir. 2001). Here the Board found that Edwards failed to provide any evidence to support his discrimination claim, <u>Initial Decision</u> at 4-5 - - a finding the record supports.

CONCLUSION

The decision of the Board denying Edwards' claims is affirmed.