# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

WILLIAM THOMAS GRAY, III,
Appellant,

v.

DEPARTMENT OF THE ARMY,
Agency.

DOCKET NUMBER
DC-1221-14-1122-W-1

DATE: May 12, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

William Thomas Gray, III, Washington, D.C., pro se.

Jennifer Giambastiani, Fort Belvoir, Virginia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction or, in the alternative, pursuant to the doctrine of laches.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

### DISCUSSION OF ARGUMENTS ON REVIEW

¶2      The record reflects that the agency employed the appellant under a temporary appointment as a GS-5 police officer from December 3, 1984, until his discharge for violation of administrative procedures effective March 29, 1985. Initial Appeal File (IAF), Tab 8 at 12-13, 15-16. In or around 2013, the appellant apparently sought to challenge the 1985 termination by filing a complaint with the Office of Special Counsel (OSC), in which he alleged, inter alia, that he had been terminated in reprisal for protected activity and disclosures. *See* IAF, Tab 2 at 2-5. OSC closed the appellant's complaint and issued a close out letter dated August 19, 2014, explaining that it found no violation or prohibited personnel practice within OSC's investigative jurisdiction and noting that the appellant had previously presented the same claims to OSC and MSPB.[2] *Id.* The close out

---

[2] The appellant has previously sought corrective action from the Board in connection with his 1985 termination. In 1997, the appellant filed an IRA appeal alleging, among other things, that the agency terminated him in 1985, in reprisal for protected whistleblowing activity in or around 1985. *See Gray v. Department of the Army*, MSPB Docket No. DC-1221-97-0720-W-1, Initial Decision (Oct. 24, 1997). The administrative judge in that case dismissed the appeal for lack of jurisdiction because

letter referenced the appellant's allegedly "newly discovered" evidence—a 1986 Standard Form (SF) 50 that the appellant claimed "voided the 1985 removal action"—but found that it did not warrant reopening or reviewing his claims. *Id.* at 4-5.

¶3   On September 23, 2014, the appellant filed the instant IRA appeal seeking corrective action in connection with his 1985 termination. IAF, Tabs 1-2. The agency moved to dismiss the appeal based on timeliness or, in the alternative, the doctrine of laches. IAF, Tab 8 at 4-6. The administrative judge issued an order setting forth the appellant's burden to establish Board jurisdiction over his IRA appeal. IAF, Tab 9 at 2-4. In various filings, the appellant appeared to argue, among other things, that the agency terminated him in retaliation for protected disclosures and equal employment opportunity (EEO) activity and concealed a 1986 "corrective action" that "voided" his removal and placed him in a new appointment from 1986, through the present. *See* IAF, Tabs 10, 12-13, 19. Without holding the requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction because the appellant failed to nonfrivolously allege that he made a protected disclosure or, in the alternative, based on the doctrine of laches. IAF, Tab 21, Initial Decision (ID). The administrative judge stated that the appeal also may be barred on the grounds of collateral estoppel

the termination occurred before July 9, 1989, the effective date of the Whistleblower Protection Act (WPA), and because the appellant had less than 1 year of current continuous employment in his position. *See id.* The appellant petitioned for review, and the Board denied the petition, *Gray v. Department of the Army*, 79 M.S.P.R. 256 (1998) (Table), the appellant sought judicial review before the U.S. Court of Appeals for the Federal Circuit, and the court affirmed the Board's final decision, *Gray v. Department of the Army*, 173 F.3d 435 (Fed. Cir. 1998). In 2012, the appellant requested reconsideration of the Board's April 7, 1998 final order. In responses dated March 30, 2012, and April 25, 2012, the Clerk of the Board informed the appellant that the Board's regulations do not provide for his request for reconsideration of the Board's final order.

and/or res judicata but that, because he was dismissing the appeal on other grounds, he was not addressing those issues.[3]  ID at 8 n.5.

¶4        The appellant has filed a petition for review, the agency has responded in opposition, and the appellant has replied to the agency's response.  Petition for Review (PFR) File, Tabs 1, 3-4.  On review, the appellant argues that the administrative judge erred in finding that his claim was barred by the doctrine of laches.[4]  *See* PFR File, Tabs 1, 4.

¶5        As correctly found by the administrative judge, the Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before OSC and makes nonfrivolous allegations that:  (1) he engaged in whistleblowing activity by making a protected disclosure; and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action.  ID at 3; *Yunus v. Department of Veterans Affairs*, 242 F.3d

---

[3] As noted, in 1998, the U.S. Court of Appeals for the Federal Circuit affirmed the Board's dismissal of the appellant's appeal for lack of jurisdiction.  Although a dismissal for lack of jurisdiction does not necessarily preclude a second action on the same claim, the second action will only be viable if the prior jurisdictional defect is cured, such as by filing the second action in a forum that does have jurisdiction. *McNeil v. Department of Defense*, 100 M.S.P.R. 146, ¶ 16 (2005).  However, where, as here, the appellant files a second action in the same forum, the second action is generally precluded by the doctrine of collateral estoppel, which would preclude relitigation of the same jurisdictional issues.  *See id.*

[4] On review, the appellant submits numerous attachments, such as various letters between him and those acting on his behalf and the agency regarding his employment and separation from the agency, an agency decision barring him from the facility, material about drug use in the federal workplace, allegations of drug use at his former place of employment, and a report about irregularities at Tobyhanna Army Depot.  PFR File, Tabs 1, 4.  The Board generally will not consider evidence submitted for the first time on review absent a showing that:  (1) the documents and the information contained in the documents were unavailable before the record closed despite due diligence; and (2) the evidence is of sufficient weight to warrant an outcome different from that of the initial decision.  *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d)(1).  To the extent that the appellant's submissions are not part of the record below, he has not shown that his submissions were previously unavailable despite his due diligence, and we have not considered them.

1367, 1371 (Fed. Cir. 2001). Here, the administrative judge found that the Board lacked jurisdiction over the appeal because the appellant—apparently claiming reprisal based on his 1985 EEO complaint—failed to assert any protected activity covered by the Whistleblower Protection Act (WPA).[5] ID at 4; *see Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 7 (2014); *see also Williams v. Department of Defense*, 46 M.S.P.R. 549, 553 (1991). On review, the appellant does not challenge the administrative judge's finding that the Board lacked jurisdiction over his IRA appeal, *see* PFR File, Tabs 1, 4, and we discern no basis to disturb the administrative judge's well-reasoned finding in this regard.[6] *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate references, and made reasoned conclusions); *see also Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶6        Regarding the administrative judge's alternative finding of laches, as discussed below, the appellant fails to show any error in the administrative judge's findings. The equitable defense of laches bars an action when an unreasonable delay in bringing the action has prejudiced the party against whom the action is taken. *Johnson v. U.S. Postal Service*, 121 M.S.P.R. 101, ¶ 6 (2014). Here, the administrative judge found that the 29-year delay would materially prejudice the agency given the unavailability of witnesses, faded memories, and

---

[5] The administrative judge also explained that, although the Whistleblower Protection Enhancement Act of 2012 (WPEA), Pub. L. No. 112-199, 126 Stat. 1465, expanded the IRA appeal right in section 1221(a) to include retaliation for protected EEO activity (as described in 5 U.S.C. § 2302(b)(9)), this WPEA provision does not retroactively apply to disclosures that occurred before December 27, 2012. ID at 4-5.

[6] The appellant claims that his termination in the mid-1980s was in reprisal for whistleblowing. *See, e.g.*, IAF, Tab 10 at 10, Tab 19 at 8. Although not mentioned by the administrative judge, the Board lacks jurisdiction over such claims because the Board only has IRA appeal jurisdiction over personnel actions that occurred after the July 9, 1989 effective date of the WPA. *See Knollenberg v. Merit Systems Protection Board*, 953 F.2d 623, 625 (Fed. Cir. 1992).

the fact that documents relevant to the appellant's termination have been destroyed pursuant to the agency's document retention policy. *See* ID at 6. The administrative judge further found that a 29-year delay is unreasonable on its face and that the appellant's conclusory allegation that the agency "concealed" information from him was insufficient to support a finding that the 29-year delay was reasonable. *See* ID at 6-7.

¶7      We note that the 1986 "corrective action" to which the appellant apparently refers is an SF-50 correcting certain administrative information on the SF-50 documenting the appellant's 1985 termination, such as the nature of action and authorization codes and the regulatory authority for the action.[7]  *See* IAF, Tab 8 at 12-13.  Contrary to the appellant's assertions, none of the changes made by the 1986 SF-50 revoked or rescinded his 1985 termination or affected his Board appeal rights.  *See id.*; *see also Guide to Processing Personnel Actions, Chapter 31, Table 31-B, Office of Personnel Management, available at* https://www.opm.gov/feddata/gppa/gppa31.pdf.  Moreover, an SF-50 is not a personnel action in itself; it is merely documentation of a personnel action usually generated after the action has been taken.  *See Scott v. Department of the Air Force*, [113 M.S.P.R. 434](), ¶ 8 (2010).  As such, the 1986 SF-50 provides no basis to revisit the appellant's termination or to find the 29-year delay reasonable even if, though we find no evidence to suggest it, the agency fraudulently concealed the document from him for 28 years.  Accordingly, we find no basis to disturb the administrative judge's well-reasoned finding that the appellant's IRA appeal is barred by the doctrine of laches.  ID at 7.

¶8      Lastly, although it has no bearing on the disposition of the instant petition for review, it appears that the administrative judge could have dismissed the

---

[7] The January 2, 1986 SF-50 effects the following changes to the March 18, 1985 SF-50:  (1) corrects the nature of action code in item 18-A from 356 to 386; (2) corrects the nature of action in item 18-B from "termination – involuntary" to "discharge"; (3) corrects the authorization code in item 18-C from QGM to ZLJ; (4) and corrects the regulatory authority in item 18-D from 432.201 to 316.402(A).  IAF, Tab 8 at 12-13.

appeal as barred by collateral estoppel rather than allowing the appellant to relitigate the same jurisdictional issue resolved by the Board and affirmed by the Federal Circuit in 1997 and 1998. *See supra* note 2. As noted above, collateral estoppel will generally preclude relitigation of the same jurisdictional issue in a second action in the same forum, including where the first action was dismissed for lack of jurisdiction. *See McNeil v. Department of Defense*, 100 M.S.P.R. 146, ¶ 16 (2005). The determinative jurisdictional issue here—whether the appellant made a nonfrivolous allegation of Board jurisdiction over an IRA appeal in connection with his 1985 termination—is identical to the determinative jurisdictional issue in the appellant's 1997 IRA appeal. *See supra* note 2. The other criteria for the application of collateral estoppel are also present here. *See Gossage v. Department of Labor*, 118 M.S.P.R. 455, ¶ 13 (2012) (stating that collateral estoppel is appropriate when: (1) an issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination on the issue in the prior action was necessary to the resulting judgment; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action). We need not apply the doctrine now, however, as it would be a waste of resources to remand the matter for notice and an opportunity to respond on the issue of collateral estoppel where the administrative judge has already dismissed the appeal based on lack of jurisdiction and laches. *See Kroeger v. U.S. Postal Service*, 865 F.2d 235, 239 (Fed. Cir. 1988) ("where the requirements are met, it would not be error (though it may waste judicial resources) to decline to apply collateral estoppel").

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec.

27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                            _____
                                          William D. Spencer
                                          Clerk of the Board

Washington, D.C.