NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**WILLIAM T. GRAY, III,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

_____

2015-3186

_____

Petition for review of the Merit Systems Protection Board in No. DC-1221-14-1122-W-1.

_____

Decided: May 25, 2016

_____

WILLIAM T. GRAY, III, Washington, DC, pro se.

KATRINA LEDERER, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

_____

Before O'MALLEY, MAYER, and REYNA, *Circuit Judges.*

PER CURIAM.

William T. Gray, III, appeals a final decision of the Merit Systems Protection Board ("board") dismissing his individual right of action ("IRA") appeal for lack of jurisdiction. *See Gray v. Dep't of the Army*, No. DC-1221-14-1122-W-1, 2015 MSPB LEXIS 4102 (May 12, 2015) ("*Gray III*"). For the reasons discussed below, we affirm.

BACKGROUND

Gray began work as a GS-5 police officer at the Walter Reed Army Medical Center under a temporary appointment on December 3, 1984. On March 29, 1985, he was discharged from his position for failure to follow administrative procedures. In 1997, Gray filed an appeal with the board, alleging that the Army terminated him in 1985 in reprisal for protected whistleblowing activity. Specifically, Gray asserted that he was discharged in retaliation for disclosing that other police officers were using illegal drugs. *See Gray v. Dep't of the Army*, No. 98-3229, 1998 U.S. App. LEXIS 25797, at *2 (Fed. Cir. Oct. 13, 1998) (reported in table format at 173 F.3d 435) ("*Gray I*"). The board dismissed Gray's appeal for lack of jurisdiction, and on appeal this court affirmed. We explained that the board had no jurisdiction over Gray's IRA appeal because his 1985 discharge occurred prior to July 9, 1989, the effective date of the Whistleblower Protection Act of 1989 ("WPA"), Pub. L. No. 101-12, 103 Stat. 16. *See Gray I*, 1998 U.S. App. LEXIS 25797, at *5–6.

More than two decades later, Gray sought to challenge his 1985 termination by filing a complaint with the U.S. Office of Special Counsel ("Special Counsel"). In his complaint, Gray alleged that he had been discharged in 1985 in reprisal for making protected disclosures and engaging in protected Equal Employment Opportunity ("EEO") activity. The Special Counsel closed its investigation into Gray's complaint on August 19, 2014, informing him that it had found no violation or prohibited personnel practice within its investigative jurisdiction. It

explained that it "could not substantiate any violation of 5 U.S.C. § 2302(b)(8)," and that it was its "policy to defer allegations of discrimination and reprisal for EEO activities to the EEO process."  The Special Counsel rejected, moreover, Gray's claim that "newly discovered evidence" established that the Army had "voided" his 1985 discharge.

Gray then filed an IRA appeal with the board.  In an initial decision, an administrative judge dismissed Gray's appeal for lack of jurisdiction.  As the administrative judge explained, EEO filings are not protected disclosures under the WPA.  *See Gray v. Dep't of the Army*, No. DC-1221-14-1122-W-1, 2014 MSPB LEXIS 8054, at *6–8 (Nov. 21, 2014) ("*Gray II*").  The judge concluded, moreover, that while the Whistleblower Protection Enhancement Act of 2012 ("WPEA"), Pub. L. No. 112-199, 126 Stat. 1465, expanded the IRA appeal right set out in 5 U.S.C. § 1221(a) to include retaliation for protected EEO activity, the WPEA did not apply retroactively to disclosures or activities that occurred before its December 27, 2012, effective date.  *Id.* at *7.

The board affirmed the administrative judge's initial decision, holding that the WPEA's expanded IRA appeal rights do not apply retroactively to disclosures made prior to December 27, 2012.  *Gray III*, 2015 MSPB LEXIS 4102, at *8.  Gray then filed a timely appeal with this court.  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

Our review of a decision of the board is circumscribed by statute.  We can set such a decision aside only if it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."  5 U.S.C. § 7703(c); *see Marino v. Office of Pers. Mgmt.*, 243 F.3d 1375, 1377 (Fed. Cir. 2001).  Whether a

newly enacted statute can be applied retroactively is a question of law which we review de novo. *See Lapuh v. Merit Sys. Prot. Bd.*, 284 F.3d 1277, 1281 (Fed. Cir. 2002).

Before it was amended in 2012, the WPA afforded certain federal employees the right to bring an IRA appeal when an agency engaged in any of the prohibited personnel practices described in section 2302(b)(8). *See Kahn v. Dep't of Justice,* 528 F.3d 1336, 1341 (Fed. Cir. 2008); *Serrao v. Merit Sys. Prot. Bd.*, 95 F.3d 1569, 1574–75 (Fed. Cir. 1996). Specifically, the WPA granted the board authority to order corrective action in cases in which an employee suffered reprisal for the disclosure of information which he or she reasonably believed evidenced a "violation of any law, rule, or regulation, or . . . gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." 5 U.S.C. § 2302(b)(8). Significantly, however, the WPA did not provide the board with authority to order corrective action in cases involving alleged reprisal for engaging in EEO activity. *See Spruill v. Merit Sys. Prot. Bd.*, 978 F.2d 679, 690 (Fed. Cir. 1992) (explaining that the WPA did not provide an employee with the right to bring an IRA appeal based on a claim of reprisal for making a disclosure protected under section 2302(b)(9)).

With the enactment of the WPEA, Congress significantly increased the whistleblowing protections available to federal employees. *See* S. Rep. No. 112-155, at 1 (2012), *reprinted in* 2012 U.S.C.C.A.N. 589, 589 (explaining that the WPEA was intended to "strengthen the rights of and protections for federal whistleblowers so that they can more effectively help root out waste, fraud, and abuse in the federal government"). The WPEA expanded the IRA appeal right provided under 5 U.S.C. § 1221(a) to include claims for corrective action based not only on the prohibited personnel practices described in section 2302(b)(8), but also for those described in sections 2302(b)(9)(A)(i),

(B), (C), and (D). *See* WPEA § 101(b)(1), 126 Stat. 1465–66; *see also* 5 U.S.C. § 1214(a)(3). Of relevance here, under the WPEA an aggrieved employee now has the right, under certain circumstances, to seek corrective action from the board when he or she suffers reprisal as a result of filing an EEO complaint. *See* 5 U.S.C. § 2302(b)(9)(A)(i) (prohibiting an agency from retaliating against an employee for "the exercise of any appeal, complaint, or grievance right" related to whistleblowing).

As the board correctly determined, however, neither the WPA nor the WPEA provides jurisdiction over Gray's appeal. As we explained in *Gray I*, the WPA does not provide a jurisdictional predicate to review Gray's challenge to his 1985 removal because his discharge occurred prior to the WPA's July 9, 1989, effective date. 1998 U.S. App. LEXIS 25797, at *3; *see also Knollenberg v. Merit Sys. Prot. Bd.*, 953 F.2d 623, 625 (Fed. Cir. 1992) (explaining that the WPA provides the board with jurisdiction "only when the subject personnel action was taken subsequent to [its] effective date"). Gray has no right, in his present appeal, to relitigate the jurisdictional question we resolved in *Gray I. See Stephen Slesinger, Inc. v. Disney Enter., Inc.*, 702 F.3d 640, 644 (Fed. Cir. 2012) ("The doctrine of issue preclusion, or collateral estoppel, protects the finality of judgments by preclud[ing] relitigation in a second suit of issues actually litigated and determined in the first suit." (citations and internal quotation marks omitted)).

Nor can Gray invoke the WPEA to supply a basis for jurisdiction over his appeal. Congress specifically provided, with certain exceptions not relevant here, that the WPEA would become effective on December 27, 2012, thirty days after it was signed into law. *See* WPEA § 202, 126 Stat. 1476. Thus, while the WPEA gives the board jurisdiction over claims for corrective action based on the prohibited personnel practices described in section 2302(b)(9)(A)(i), it does not apply retroactively to supply

jurisdiction over agency removal actions occurring long before its enactment. *Hicks v. Merit Sys. Prot. Bd.*, No. 2016-1091, 2016 WL 1105313 (Fed. Cir. Mar. 22, 2016); *see also Lapuh*, 284 F.3d at 1280–82 (concluding that although the Veterans Employment Opportunity Act of 1998, Pub. L. No. 105-339, 112 Stat. 3182, provided the board with jurisdiction over certain appeals alleging violations of veterans' preference rights, it did not apply retroactively to supply jurisdiction over violations occurring prior to the statute's effective date); *Caddell v. Dep't of Justice*, 96 F.3d 1367, 1370–71 (Fed. Cir. 1996) (concluding that a 1994 amendment to the WPA did not apply retroactively to provide jurisdiction over an agency action that occurred several years prior to the amendment's effective date). Accordingly, as the board correctly concluded, section 101(b)(1) of the WPEA does not apply retroactively to provide jurisdiction over Gray's claim that he was discharged in 1985 in reprisal for filing an EEO complaint. *See Gray III*, 2015 MSPB LEXIS 4102, at *7.

Finally, we reject Gray's claim that the Army "revoked" its 1985 decision to remove him from his position. Gray points to a 1986 Standard Form 50 ("SF-50") that he received from the Army, and argues that it effectively voided the Army's 1985 decision to remove him from his position. *See Gray III*, 2015 MSPB LEXIS 4102, at *9. As the board correctly determined, however, while the 1986 SF-50 corrected certain administrative information related to Gray's discharge, it did not rescind or revoke the Army's 1985 termination action. *Id.* at *10.

CONCLUSION

Accordingly, the decision of the Merit Systems Protection Board is affirmed.

**AFFIRMED**