NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LORI D. MCLAUGHLIN,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2023-1074

---

Petition for review of the Merit Systems Protection Board in No. DC-1221-19-0114-M-1.

---

Decided: December 29, 2023

---

LORI D. MCLAUGHLIN, Whitsett, NC, pro se.

JEFFREY GAUGER, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before DYK, PROST, and HUGHES, *Circuit Judges*.

PER CURIAM.

Lori McLaughlin appeals a decision from the Merit Systems Protection Board (MSPB) dismissing her whistleblower Individual Right of Action appeal for lack of jurisdiction. We affirm because Ms. McLaughlin's disclosures either (1) fall within the purview of her Title VII claims and thus are not within the MSPB's jurisdiction, or (2) were not exhausted before the Office of Special Counsel as required by the Whistleblower Protection Act.

I

Ms. McLaughlin was employed as a Criminal Investigator by the Bureau of Alcohol, Tobacco, Firearms, and Explosives (the Agency), a law enforcement component of the Department of Justice (DOJ). Throughout her employment with the Agency, Ms. McLaughlin has filed numerous Title VII complaints alleging Equal Employment Opportunity (EEO) violations.[1]

A

On or about March 29, 2018, Ms. McLaughlin filed a whistleblower complaint with the Office of Special Counsel (OSC). In that complaint, Ms. McLaughlin identified disclosures she had made to District Court Judge Catherine Eagles between August 2017 and January 24, 2018, during a Title VII proceeding in the Middle District of North

---

[1]    *See, e.g.*, *McLaughlin v. Mukasey*, No. 1:08-cv-1256 (D.D.C.) (filed July 22, 2008); *McLaughlin v. Holder*, No. 1:11-cv-1868 (D.D.C.) (filed Oct. 21, 2011); *McLaughlin v. Holder*, No. 6:12-cv-1168 (M.D. Fla.) (filed July 30, 2012); *McLaughlin v. Sessions*, No. 1:17-cv-759 (M.D.N.C.) (filed Aug. 16, 2017); *McLaughlin v. Barr*, No. 1:19-cv-318 (M.D.N.C.) (filed Mar. 21, 2019); *McLaughlin v. Barr*, No. 20-cv-230 (M.D.N.C.) (filed Mar. 11, 2020).

Carolina. Ms. McLaughlin alleged she informed Judge Eagles during this time period that: (1) a DOJ attorney did not report Privacy Act violations; (2) a DOJ attorney tried to coerce a deceptive settlement agreement; (3) Agency officials did not investigate misconduct allegations committed by DOJ attorneys; (4) Agency officials did not investigate misconduct allegations committed by Agency management officials; (5) a DOJ attorney engaged in improper ex parte communications in her Title VII case in the U.S. District Court for the District of Columbia; (6) a DOJ attorney denied her an opportunity to respond to a court motion in violation of the Federal Rules of Civil Procedure in bad faith; (7) Agency officials committed several ethics violations during the administrative processing of her Title VII complaints and attempted to cover up allegations of sexual harassment inside the Agency; and (8) an Agency management official obstructed justice by submitting a false statement about non-mandatory training. On September 19, 2018, the OSC informed Ms. McLaughlin that it was closing her file but that she had the right to file an appeal with the MSPB.

## B

On November 3, 2018, Ms. McLaughlin filed the present Individual Right of Action (IRA) appeal with the MSPB. On November 13, 2018, the administrative judge issued a jurisdictional show cause order. In response to the show cause order, Ms. McLaughlin filed several declarations in which she alleged that the MSPB had jurisdiction because of (1) the disclosures she made to Judge Eagles during her Title VII case (discussed *supra* in Section I.A), and (2) statements Ms. McLaughlin made to staff in Senator Charles Grassley's office and in the Government Accountability Office (GAO) on July 10, 2018, alleging that an Agency official improperly suspended another Investigative Analyst at the Agency. Ms. McLaughlin alleged that, because of these disclosures, she was removed from her position as a field criminal investigator, she was reassigned

to less favorable positions and locations, and her security clearance investigation was improperly terminated.

C

On April 1, 2019, the administrative judge issued an initial decision dismissing Ms. McLaughlin's MSPB appeal for lack of jurisdiction. On appeal, this court vacated that decision and remanded for the administrative judge to consider Ms. McLaughlin's January 28, 2019 submission, which it had improperly failed to consider the first time. *McLaughlin v. Merit Sys. Prot. Bd.*, 853 F. App'x 648, 650 (Fed. Cir. 2021) (non-precedential). We did not take a position on the jurisdictional issue at that time, and only generally noted that the administrative judge's "legal analysis was admittedly flawed in at least certain respects." *Id.*

On remand, the administrative judge notified the parties that they could file additional evidence and argument to support their jurisdictional positions. On June 15, 2021, Ms. McLaughlin timely filed a supplemental jurisdictional statement. She later filed a reply to the Agency's supplemental jurisdictional statement, but the administrative judge did not consider it because the post stamp on the envelope was July 13, 2021, one day after the deadline for supplemental submissions.

While this appeal was pending before the MSPB, Ms. McLaughlin filed another IRA appeal with the MSPB on September 26, 2021. That appeal involved similar disclosures to the ones at issue here. The parties agreed to stay this appeal until after a jurisdictional determination in the other case. On January 21, 2022, the administrative judge dismissed the September 26, 2021 appeal for lack of jurisdiction. Ms. McLaughlin appealed that MSPB decision, and this court has since affirmed the decision. *McLaughlin v. Merit Sys. Prot. Bd.*, No. 2022-1589, 2023 WL 2820085 (Fed. Cir. Apr. 7, 2023) (non-precedential).

While the September 26, 2021 appeal was pending before us, the administrative judge issued a decision in the

present case dismissing for lack of jurisdiction. The administrative judge concluded that it lacked jurisdiction over the disclosure to Senator Grassley's office because that disclosure was not exhausted before the OSC. For the rest of the disclosures, the administrative judge concluded that it lacked jurisdiction—not necessarily because those disclosures were related to her Title VII case—but because Ms. McLaughlin had not established a reasonable belief that the Agency violated a law and thus did not make any protected disclosures. The administrative judge also concluded that, even had she made protected disclosures, she did not show how the disclosures resulted in an adverse action.

Ms. McLaughlin appeals this decision, arguing that the MSPB has jurisdiction over her appeal and that the administrative judge procedurally erred by disregarding certain of her MSPB submissions. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II

We review MSPB decisions for whether they are "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Whether the MSPB has jurisdiction over an appeal is a question of law we review de novo. *Coradeschi v. Dep't of Homeland Sec.* 439 F.3d 1329, 1331 (Fed. Cir. 2006). Although pro se pleadings are generally held to less stringent standards than pleadings drafted by counsel, pro se litigants still bear the burden of establishing jurisdiction over their claims. *Prewitt v. Merit Sys. Prot. Bd.*, 133 F.3d 885, 886 (Fed. Cir. 1998). As to the relevant procedural arguments, we review the Board's decision not to consider a submission deemed untimely under an abuse

of discretion standard. *See, e.g.*, *Zamot v. Merit Sys. Prot. Bd.*, 332 F.3d 1374, 1377 (Fed. Cir. 2003).

### III

Reviewing the jurisdictional issue de novo, we conclude that the MSPB lacked jurisdiction over Ms. McLaughlin's appeal under 5 U.S.C. § 1221(a). We are also unpersuaded by Ms. McLaughlin's procedural arguments and see no abuse of discretion. Thus, the MSPB properly dismissed the appeal, and we affirm.

### A

There are two categories of statements that Ms. McLaughlin argues give rise to jurisdiction. The first category includes statements she made during the context of a Title VII complaint, and the second category includes statements made to staff in Senator Grassley's office and the GAO. We begin with the first category and conclude that those statements do not give rise to MSPB jurisdiction.

The MSPB's jurisdiction over IRA actions stems from 5 U.S.C. § 1221(a). This jurisdictional provision allows a federal employee to seek corrective action from the MSPB for any personnel action taken "as a result of a prohibited personnel practice described in § 2302(b)(8) or § 2302(b)(9)(A)(i), (B), (C), or (D)." 5 U.S.C. § 1221(a). This provision does *not* give the MSPB jurisdiction over any of the *other* prohibited personnel actions described in § 2302(b), such as employment discrimination ((b)(1)) or retaliation for filing an employment discrimination action ((b)(9)(A)(ii)). *Id.*; *see also Spruill v. Merit Sys. Prot. Bd.*, 978 F.2d 679, 690–91 (Fed. Cir. 1992). Thus, whether the MSPB has jurisdiction to hear Ms. McLaughlin's appeal depends on whether she seeks corrective action for personnel actions taken because of a prohibited practice under

subsections (b)(8) or (b)(9)(A)(i),[2] or whether she seeks corrective action for personnel actions taken because of a prohibited practice under some other subsection.

Section 2302(b)(8) prohibits an agency from retaliating against an employee for whistleblowing, which is defined as:

> [A]ny disclosure of information by an employee or applicant which the employee or applicant reasonably believes evidences—
>
> (i) any violation of any law, rule, or regulation, or
>
> (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety,
>
> if such disclosure is not specifically prohibited by law and if such information is not specifically required by Executive order to be kept secret in the interest of national defense or the conduct of foreign affairs.

5 U.S.C. § 2302(b)(8)(A). Separately, § 2302(b)(9)(A)(i) prohibits an agency from retaliating against that employee for pursuing a whistleblower complaint under (b)(8). *Young v. Merit Sys. Prot. Bd.*, 961 F.3d 1323, 1329 (Fed. Cir. 2020). Both types of actions are within the MSPB's jurisdiction.

---

[2]    The prohibited practices of (b)(9)(B), (C), and (D) protect an employee's rights to give testimony in an investigation, cooperate with the Inspector General, or refuse to obey an order that would require them to break a law. 5 U.S.C. § 2302(b)(9). These categories are not relevant to the statements here, and thus we do not address them in detail.

In contrast, § 2302(b)(9)(A)(ii) makes clear that the MSPB's jurisdiction under § 1221(a) does *not* cover "retaliation for exercising any appeal, complaint, or grievance right *other than* one seeking to remedy a violation of section 2302(b)(8)." *Young*, 961 F.3d at 1329 (emphasis added). For example, as we noted in our recent decision dismissing Ms. McLaughlin's similar appeal, "the MSPB does not have jurisdiction over alleged retaliation for filing Equal Employment Opportunity ("EEO") and discrimination complaints." *McLaughlin*, 2023 WL 2820085, at *4. Nor does the MSPB have jurisdiction over alleged retaliation for statements that "were made during [appellant's] Title VII lawsuit and were directly related to her attempt to remedy alleged Title VII violations." *Id.* This does not mean that there is no remedy for parties who claim retaliation for actions taken in a Title VII lawsuit. The proper avenue for such cases may be through the Title VII process before the Equal Employment Opportunity Commission or in district court, but not through the IRA process before the MSPB.[3] *See Young*, 961 F.3d at 1329.

Here, most of Ms. McLaughlin's alleged disclosures were not only made during her Title VII case, but they were also directly related to her allegations of employment discrimination in that case. We go through each in turn, explaining why all the relevant statements either fall within the purview of subsections (b)(1) or (b)(9)(A)(ii), and thus

---

[3]　We do not decide here if the Equal Employment Opportunity Commission can review and provide a remedy for actions taken by a defendant in response to litigation statements and arguments made by the plaintiff during a Title VII litigation. In any event, Ms. McLaughlin could potentially seek redress before the district court for such retaliation. *See McLaughlin*, 2023 WL 2820085, at *5 (noting Ms. McLaughlin "could seek redress for retaliation based on the alleged FRCP violation before the district court").

are not (b)(8) or (b)(9)(A)(i) statements that would give rise to MSPB jurisdiction.

The first alleged disclosure was a statement to the district court that a DOJ attorney did not report Privacy Act Violations. This statement was made directly in support of Ms. McLaughlin's Title VII complaint, which alleged as part of her discrimination case that a DOJ attorney "failed to report Privacy Act Violations against the EEO Office that were submitted by [Ms. McLaughlin]," while at the same time, "allowing DOJ Attorneys to file a Privacy Act Violation against [Ms. McLaughlin]." *McLaughlin*, No. 1:17-cv-00759 (M.D.N.C.), ECF No. 1 (Complaint) ¶ 174 (filed Aug. 16, 2017). Because she was making this statement to prove employment discrimination ((b)(1)) and/or retaliation for pursuing an employment discrimination claim ((b)(9)(A)(ii)), this statement is an example of Ms. McLaughlin "exercis[ing] any appeal, complaint, or grievance" right other than one seeking to remedy a § 2302(b)(8) violation. 5 U.S.C. § 2302(b)(9)(A)(ii). Thus, the statement does not fall within the MSPB's jurisdiction.

Similarly, Ms. McLaughlin's second alleged disclosure—that a DOJ attorney tried to coerce a deceptive settlement agreement—was a supporting allegation in Ms. McLaughlin's Title VII complaint. She alleged in her Title VII complaint that the Agency committed employment discrimination against her because it "attempted to 'coerce' a deceptive settlement agreement regarding [her] Federal EEO lawsuit." *McLaughlin*, No. 1:17-cv-00759 (M.D.N.C.), Complaint ¶ 173. Like the first statement, this second statement falls within (b)(9)(A)(ii) and is not within the MSPB's jurisdiction.

Ms. McLaughlin's third and fourth alleged disclosures are, respectively, that Agency officials did not investigate misconduct allegations committed by DOJ attorneys or Agency management officials. But the misconduct the Agency allegedly failed to address in both instances was

sexual harassment, which is a form of employment discrimination based on sex. To the extent these allegations were made as part of Ms. McLaughlin's Title VII case for retaliation, they would fall within (b)(9)(A)(ii). And even if not made solely during the Title VII case, but also made outside the context of her Title VII complaint, these are allegations of sex discrimination and would fall squarely within (b)(1). Either way, such statements are not within the MSPB's jurisdiction.

Ms. McLaughlin's fifth and sixth alleged disclosures are, respectively, that a DOJ attorney engaged in improper ex parte communications in her Title VII case before the U.S. District Court for the District of Columbia, and a DOJ attorney denied her an opportunity to respond to a court motion in violation of the Federal Rules of Civil Procedure in bad faith. Both of these statements are allegations that the Agency intentionally took actions designed to interfere with Ms. McLaughlin's ability to exercise her Title VII complaint rights. Like the first and second disclosures discussed above, such allegations fall squarely within § (b)(9)(A)(ii).

So, too, does Ms. McLaughlin's seventh alleged disclosure fall within § (b)(9)(A)(ii). This disclosure includes assertions that Agency officials committed several ethics violations during the administrative processing of her Title VII complaints and attempted to cover up allegations of sexual harassment inside the Agency. But complaints about the administrative processing of Title VII complaints are, again, related to Ms. McLaughlin's ability to exercise her Title VII rights. As such, they fall within § (b)(9)(A)(ii).

Finally, Ms. McLaughlin's eighth alleged disclosure is that an Agency management official obstructed justice by submitting a false statement about non-mandatory training. This disclosure was also made in the context of her Title VII litigation, in which Ms. McLaughlin alleged that the Agency's actions with respect to the non-mandatory

training were an attempt to "manipulate the litigation process by interfering with the Plaintiff['s] (pro se) ability to draft a response to the Defendant's motions." *McLaughlin*, No. 1:17-cv-00759 (M.D.N.C.), ECF No. 19 (Response to Motion to Dismiss) at 6 (filed Jan. 24, 2018). Once again, this relates directly to Ms. McLaughlin's ability to exercise her Title VII rights, and thus falls within § (b)(9)(A)(ii).

Ms. McLaughlin seems to argue that the statements she made during the Title VII proceedings do not fall under § (b)(9)(A)(ii) because those statements are more properly characterized as § 2302(b)(8) disclosures. For at least some of the disclosures,[4] the administrative judge agreed with Ms. McLaughlin on this point, noting that "[Section] 2302(b)(9)(A) involves a claim of retaliation for *exercising* the right to engage in a protected activity and not a claim of retaliation for making a (b)(8) *disclosure* in the context of that activity." S.A. 15–16 n.14. The administrative judge concluded that (b)(9) did not apply here because Ms. McLaughlin "has alleged that agency officials retaliated against her for her (b)(8) disclosures and not her (b)(9) activity" S.A. 16 n.14. The administrative judge appears to have either (1) identified some overlap between (b)(9)(A)(ii) and (b)(8) that allows disclosures to fall within *both* categories and give rise to the MSPB's jurisdiction under (b)(8), or (2) too narrowly defined what falls under (b)(9)(A)(ii) such that Ms. McLaughlin's statements in support of her Title VII complaint fall outside of § (b)(9)(A)(ii).

We disagree under either interpretation of the administrative judge's reasoning. We have held that "[t]o read the scope of § 2302(b)(8) as including activities squarely within § 2302(b)(9)(A)[(ii)] would have the effect of reversing [the] carefully considered Congressional decision" to treat these

---

[4]     We note that the administrative judge did conclude that four of the disclosures related to Title VII and were not protected under the Whistleblower Protection Act.

activities differently. *Spruill*, 978 F.2d at 690–91. We understand *Spruill* to mean that there cannot be a statement that both falls squarely within (b)(9)(A)(ii) and is also a (b)(8) disclosure that gives rise to MSPB jurisdiction. It is either one or the other.

And as to whether Ms. McLaughlin's statements fall squarely within (b)(9)(A)(ii) or whether they are more properly considered (b)(8) disclosures, we have already explained above why these statements are within (b)(9)(A)(ii)—they are directly related to Ms. McLaughlin's exercise of her Title VII rights. Section 2302(b)(9)(A)(ii) relates to "exercising *any* appeal, complaint, or grievance *right* other than one seeking to remedy a violation of section 2302(b)(8)." *Young*, 961 F.3d at 1329 (emphasis added). So, exercising one's employment discrimination rights under (b)(1) by engaging in the Title VII process falls within (b)(9)(A)(ii). What it means to "exercise" one's rights to pursue an employment discrimination action includes more than just bringing the action in the first place. Part of exercising those rights necessarily requires plaintiffs to make statements throughout Title VII proceedings to support their employment discrimination claims under (b)(1) or (b)(9)(A)(ii). Such statements, made for the purpose of supporting a plaintiff's EEO complaint, cannot logically be separated from "exercising any appeal, complaint, or grievance right" seeking to remedy a (b)(1) or (b)(9)(A)(ii) violation. *Id.*; *see also McLaughlin*, 2023 WL 2820085, at *4. As discussed above, the alleged disclosures in this case were directly related to Ms. McLaughlin's Title VII claims because they were inextricably linked to her Title VII complaint. Thus, these statements are best characterized as

(b)(1) or (b)(9)(A)(ii) disclosures, over which the MSPB does not have jurisdiction.[5]

## B

We next address whether the MSPB lacked jurisdiction over the second category of statements: those made to staff in Senator Grassley's office and the GAO. For a different reason than with the first category, we also conclude that the MSPB lacked jurisdiction over this second category of statements.

To file an IRA appeal, an appellant must first exhaust their administrative remedies by filing a complaint with OSC prior to filing their appeal with the Board. 5 U.S.C. § 1214(a)(3); *Yunus v. Dep't of Vets. Affs.*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). To satisfy this exhaustion requirement, the appellant must have informed OSC of "the precise ground of [their] charge of whistleblowing" so that OSC has a "sufficient basis to pursue an investigation which might have led to corrective action." *Ward v. Merit Sys. Prot. Bd.*, 981 F.2d 521, 526 (Fed. Cir. 1992) (quoting *Knollenberg v. Merit Sys. Prot. Bd.*, 953 F.2d 623, 626 (Fed. Cir. 1992)).

Ms. McLaughlin's ninth, and final,[6] alleged disclosure fails to meet this exhaustion requirement. Here, Ms.

---

[5]   Because Ms. McLaughlin's alleged disclosures were so intertwined with her Title VII claims, we need "not resolve whether there are other situations where disclosures made in a Title VII lawsuit may give rise to MSPB jurisdiction—for instance, where a disclosure was made in a Title VII lawsuit but is *unrelated* to the alleged discrimination." *McLaughlin*, 2023 WL 2820085, at *4 n.2 (emphasis added).

[6]   In some places in her briefing to this court, Ms. McLaughlin references statements other than these nine

McLaughlin alleges that she disclosed to Katherine Nikas in Senator Grassley's office and Diana Maurer in the GAO that an Agency official indefinitely suspended another investigative analyst without the benefit of any misconduct investigation. This was not identified as a disclosure in Ms. McLaughlin's OSC complaint. At most, Ms. McLaughlin copied an OSC employee on an email mentioning the name of this other investigative analyst, but those emails do not appear to inform the OSC employee that Ms. McLaughlin contacted Senator Grassley's office about this investigative analyst or that Ms. McLaughlin suffered whistleblower retaliation for doing so. We agree with the administrative judge that "the fact that [Ms. McLaughlin] provided this email to an OSC employee without any apparent follow-up explanation to describe the purpose or significance of the document is insufficient to prove exhaustion." S.A. 15 (citing *Delgado v. Merit Sys. Prot. Bd.*, 880 F.3d 913, 927 (7th Cir. 2018)). Thus, because this ninth alleged disclosure was not exhausted before the OSC, it also does not give rise to MSPB jurisdiction here.

C

In addition to the jurisdictional arguments discussed above, Ms. McLaughlin identifies procedural grounds for vacating or reversing the Board's decision. We are not persuaded by these arguments.

---

disclosures that she believes are protected disclosures. *E.g.*, Informal Reply Br. 2 (alleging Ms. McLaughlin "became a 'whistleblower'" in February 2011 when she corroborated testimony in a congressional investigation of the Agency); *see also, e.g.*, *id.* at 8. But the operative OSC complaint for this appeal does not include those allegations, and she has not shown how any of those statements were exhausted with the OSC. Thus, we need not consider these statements in detail here.

First, Ms. McLaughlin argues the administrative judge erred by ignoring our guidance and failing to consider her January 28, 2019 submission, which we previously remanded for the Board to consider. *McLaughlin*, 853 F. App'x at 650. But we see no indication in the final decision that the administrative judge did not account for the January 28, 2019 submission when drawing his conclusions on remand. To the contrary, the administrative judge noted our remand order and "apologize[d]" for not considering the January 28, 2019 submission in the first instance. S.A. 9 n.8. The administrative judge also gave the parties an opportunity to file "additional evidence and/or argument" to support their jurisdictional positions. S.A. 9. The administrative judge said nothing about *not* considering the submissions that had already been filed, including the January 28, 2019 reply submission, in addition to any newly filed evidence. Based on our review of the opinion, we see no reason to believe the administrative judge ignored our mandate to consider the January 28, 2019 submission on remand.

Ms. McLaughlin relies on footnote 8 in the opinion for her argument that the administrative judge did not consider her January 28, 2019 submission. This footnote follows a sentence in the opinion explaining the procedural history of the case and that Ms. McLaughlin filed a petition for review of the Board's first decision with this court on May 31, 2019. Footnote 8 simply mentions, as an apparent aside, that "[i]n her petition, the appellant did not allege that I improperly denied her January 28, 2019 submission." S.A. 9 n.8. Ms. McLaughlin appears to read this footnote as improperly requiring her to re-make that allegation before the MSPB on remand. But in this footnote, the administrative judge is not faulting Ms. McLaughlin for not re-raising her January 28, 2019 submission after we remanded her case; rather, the administrative judge is just characterizing her arguments in the *petition* she filed with *this court* in May 2019. After the footnote, the

administrative judge goes on to acknowledge that—regardless of what Ms. McLaughlin did or did not argue in her petition to this court—we held that it was an error for the administrative judge to not have considered the January 28, 2019 submission. We do not see this footnote as an indication that the administrative judge ignored our order to consider the January 28, 2019 submission on remand and find no abuse of discretion.

Second, Ms. McLaughlin argues that the administrative judge erred by failing to consider her July 13, 2021 reply to the Agency's supplemental brief. After this case was remanded, the administrative judge gave the parties an opportunity to submit additional evidence and arguments and set a July 12, 2021 deadline for Ms. McLaughlin to file a reply to the Agency's submission. MSPB regulations provide that a document filed by commercial delivery is deemed filed as of the date it was delivered to the commercial delivery service. 5 C.F.R. § 1201.4(l). The evidence available to the administrative judge to determine when the reply had been delivered to the commercial delivery service was a FedEx envelope indicating the date the submission was shipped: July 13, 2021. Thus, the administrative judge properly exercised his discretion in not considering Ms. McLaughlin's reply submission. *See Zamot*, 332 F.3d at 1379 ("We have repeatedly stated that the waiver of a regulatory time limit based on a showing of good cause is a matter committed to the Board's discretion and that this court will not substitute its own judgment for that of the Board." (citation and quotations marks omitted)).

On appeal, Ms. McLaughlin has submitted a receipt that shows she actually delivered the reply submission to FedEx on the evening of July 12, 2021, even though it was not shipped until July 13, 2021. But Ms. McLaughlin does not refute the Agency's representation that this receipt was not part of the record before the administrative judge, and we cannot fault the administrative judge for deciding the

submission was untimely based on the evidence available to him at that time. Moreover, even if it was an error not to review the reply submission, Ms. McLaughlin has not shown that the administrative judge's failure to review her reply submission resulted in any substantial harm, and we do not vacate under an abuse of discretion standard for harmless errors. *See Curtin v. Off. of Pers. Mgmt.*, 846 F.2d 1373, 1378–79 (Fed. Cir. 1988); *see also Rockwell v. Dep't of Transp.*, 789 F.2d 908, 913 (Fed. Cir. 1986). Thus, we find no abuse of discretion, and we affirm.

## IV

We have considered the remainder of Ms. McLaughlin's arguments and find them unpersuasive. Thus, we affirm the administrative judge's decision dismissing Ms. McLaughlin's appeal for lack of jurisdiction.

## AFFIRMED

### COSTS

No costs.